**RECEIVED**
Seeptember 9, 2025
KELLY L. STEPHENS, Clerk

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

BRIAN L. SAULSBERRY,
Defendant-Appellant.

Case No. 24-5900

## PETITION FOR PANEL REHEARING AND EN BANC DETERMINATION

Filed Pro Se by:

Brian L. Saulsberry
PO Box 381871
Germantown, TN 38183
Phone: (901) 720-9912
Email: saulsberrybrian@gmail.com

## TABLE OF CONTENTS

Table of Authorities                                                             3

Introductory Statement                                                           5

Issues Presented For Panel Rehearing And
En Banc Determination

6
Statement of Facts                                                               7

Summary of the Argument                                                          11

Argument                                                                         12

    I. The Panel Decision Conflicts With Sixth Circuit Precedent        12

    Ii. Supreme Court Precedent Ignored                                  14

    Iii. Cross-Circuit Conflicts                                         14

    Iv. Exceptional Importance                                           14

Appendix: Key Record Excerpts                                                    16

Certificate of Compliance                                                        18

Certificate of Service                                                           19

## TABLE OF AUTHORITIES

United States v. Bashara, 27 F.3d 1174 (6th Cir. 1994)

United States v. Ellis, 470 F.3d 275 (6th Cir. 2006)

United States v. Haygood, 549 F.3d 1049 (6th Cir. 2008)

United States v. Benton, 639 F.3d 723 (6th Cir. 2011)

United States v. Dixon, 479 F.3d 431 (6th Cir. 2007)

United States v. Martin, 668 F.3d 787 (6th Cir. 2012)

United States v. Durham, 178 F.3d 796 (6th Cir. 1999)

United States v. Marrero, 237 F. App'x 71 (6th Cir. 2007)

United States v. Valdez, 362 F.3d 903 (6th Cir. 2004)

Boykin v. Alabama, 395 U.S. 238 (1969)

McCarthy v. United States, 394 U.S. 459 (1969)

Brady v. United States, 397 U.S. 742 (1970)

North Carolina v. Alford, 400 U.S. 25 (1970)

United States v. Price, 538 F.2d 722 (5th Cir. 1976)

United States v. Ruthers, 989 F.2d 496 (4th Cir. 1993)

United States v. Urias-Marrufo, 744 F.3d 361 (5th Cir. 2014)

United States v. Mays, 593 F.3d 603 (7th Cir. 2010)

United States v. Hodges, 259 F.3d 655 (7th Cir. 2001)

United States v. Gonzalez, 970 F.2d 1095 (2d Cir. 1992)

United States v. Osborne, 565 F. Supp. 2d 927 (E.D. Tenn. 2008)

United States v. Burns, 2022 WL 4132885 (N.D. Ohio 2022)

United States v. Duffy, 133 F. Supp. 2d 213 (E.D.N.Y. 2001)

United States v. Benedict, 2001 WL ___ (W.D.N.Y. 2001)

United States v. Lineback, 330 F.3d 441 (6th Cir. 2003) (conc.)

Hartman v. Moore, 547 U.S. 250 (2006)

Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401 et seq.

EEOC Case No. 490-2021-00124X (May 2021 filing) The indictment followed closely on the heels of Petitioner's protected EEOC filing, Case No. 490-2021-00124X (filed May 2021), further supporting his claim of retaliatory animus.

EEOC Case No. 76-2102-0018-I (pending retaliation claim) Petitioner continues to pursue related claims through EEOC Case No. 76-2102-0018-I, where the retaliatory nature of these allegations remains under review.

## INTRODUCTORY STATEMENT

Petitioner, Brian L. Saulsberry, respectfully submits this Petition for Panel Rehearing and En Banc Determination pursuant to Fed. R. App. P. 35 and 40. Petitioner proceeds Pro Se due to the withdrawal of prior counsel.

## ISSUES PRESENTED FOR PANEL REHEARING AND EN BANC DETERMINATION

(1) Whether the panel decision conflicts with longstanding Sixth Circuit precedent, including United States v. Bashara, 27 F.3d 1174 (6th Cir. 1994); United States v. Ellis, 470 F.3d 275 (6th Cir. 2006), requiring rehearing to preserve intra-circuit uniformity.

(2) Whether the panel decision conflicts with binding Supreme Court precedent, including Boykin v. Alabama, 395 U.S. 238 (1969), and McCarthy v. United States, 394 U.S. 459 (1969), regarding the constitutional requirement that guilty pleas be knowing, voluntary, and intelligent.

(3) Whether the panel decision conflicts with authoritative precedent of other circuits, including United States v. Price (5th Cir.), United States v. Ruthers (4th Cir.), United States v. Urias-Marrufo 744 F.3d 361 (5th Cir. 2014), and United States v. Mays (7th Cir.), thereby creating an inter-circuit conflict.

(4) Whether the district court's acceptance of Petitioner's guilty plea, despite repeated assertions of innocence, lack of advisement of speedy trial rights, nondisclosure of DOJ discovery (DOJ-0000004497), Report of Investigation, and evidence that the charges originated from retaliatory conduct by Petitioner's former IRS manager following his protected EEOC filings, violated constitutional rights under the Fifth, Sixth, and Fourth Amendments.

(5) Whether this case presents issues of exceptional importance because it raises systemic concerns regarding equivocal guilty pleas, inadequate plea proceedings, and counsel coercion, and because consistent enforcement of Rule 11 safeguards is critical to maintaining integrity and public confidence in the federal criminal justice system.

## STATEMENT OF FACTS

- On May 19, 2022, a federal grand jury returned a four-count indictment charging Mr. Saulsberry with wire fraud and money laundering in violation of 18 U.S.C. §§ 1343 and 1957. (Indictment, R. 4, PID# 15–26).

- On July 13, 2022, Mr. Saulsberry appeared in court for his arraignment and entered a plea of not guilty. (R. 14).

- Through retained counsel, Madeleine Savage-Townes, Mr. Saulsberry voluntarily submitted documents to the government and met with DOJ attorneys on August 24 and September 28, 2022. (Minute Entries, R. 25, 27; Motion Hearing Tr., R. 126, PID# 752).

- Although the government forwarded a plea offer in November 2022, the record shows he never entertained it.

- Without Mr. Saulsberry's knowledge or approval, his initial counsel, Madeleine Savage-Townes, was permitted to withdraw from the case. Judge Lipman later observed on the record, she should have consulted Mr. Saulsberry before granting Ms. Savage-Townes' withdrawal. Mr. Saulsberry stated in open court that he relied upon Ms. Savage-Townes for her unique accounting and legal background and believed that her withdrawal would damage his chances of presenting a successful defense.

- On December 12, 2022, Michael Scholl entered his appearance as counsel. (Notice of Appearance, R. 36).

- From December 2022 through November 2023, Mr. Saulsberry consistently asserted his innocence in private communications, including multiple emails reiterating that he acted lawfully and requesting acknowledgment of his innocence. (Motion Hearing Tr., R. 126, Exs. 2–5, PID## 706–11).

- Scholl testified that although he briefly spoke with government counsel in February 2023, no plea discussions developed because Mr. Saulsberry rebuffed the idea. (Id., PID## 757–58).

- Scholl further confirmed that Mr. Saulsberry consistently asserted his innocence throughout his representation, from December 2022 through Thanksgiving 2023. (Id., PID## 711–12).

- During the same hallway discussions, Attorney Scholl asked Mr. Saulsberry how old his mother was. Mr. Saulsberry replied that she was 65. Scholl then stated that if Mr. Saulsberry lost his case and went to prison, his mother could potentially die while he was incarcerated. Mr. Saulsberry has asserted that this statement placed him in a state of mental confusion and duress, overwhelming his judgment -at the most critical stage of the plea process.

- Mr. Saulsberry maintains that Attorney Scholl read excerpts of the proposed plea agreement only about ten minutes before the change of plea hearing, while in the court's hallway. He asserts that he was not granted fair due process to properly analyze nor digest such a decision with life-altering consequences. Mr. Saulsberry is on record as stating he first received a written copy of the plea moments before entering the courtroom. The plea was so last-minute that it required edits during the hearing itself. He further reiterated that at no point in his dealings with Ms. Savage-Townes or Attorney Scholl did he ever entertain a guilty plea to the federal indictments -prior to that hasty hallway conversation.

- Mr. Saulsberry also stated under oath that neither of his attorneys— Madeleine Savage-Townes nor Michael Scholl—informed him of his constitutional right to a speedy trial. This omission deprived him of knowledge of a fundamental safeguard in the criminal process.

- After sentencing, Mr. Saulsberry discovered that Attorney Scholl failed to disclose the discovery document DOJ-0000004497, a Department of Justice Report of Investigation document. He was never informed of this material during plea negotiations or before sentencing. This omission overwhelmingly deprived him of the opportunity to review potentially exculpatory or material information that could have altered his decision to enter a plea.

- Mr. Saulsberry, a former Dept of Treasury -Internal Revenue Service ("IRS")-, further discovered that the criminal allegations originated from his former IRS manager, Ross Sickler, a Department of Treasury employee in Memphis, TN (Per DOJ Doc 000004497, Titled: REPORT OF INVESTIGATION). He asserts that Sickler's actions were intentional, retaliatory, and infringed upon his rights under the Fourth Amendment and the Right to Financial Privacy Act of 1978. Mr. Saulsberry states that these allegations caused financial and reputational harm and amounted to unconstitutional retaliation. He is pursuing this matter separately through the EEOC, Case Number 76-2102-0018-I. The use of Petitioner's IRS financial records by the IRS also raises statutory concerns under the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401 et seq., enacted to prevent unauthorized access to sensitive financial information.

In addition, Petitioner filed a prior EEOC case, 490-2021-00124X, in May 2021—almost a year before the indictment was returned. He maintains that the criminal charges originated from retaliatory conduct by his former IRS manager, Ross Sickler, in direct response to his protected EEOC activity. Petitioner believes this sequence of events demonstrates unconstitutional retaliation and an abuse of process. The resulting allegations caused significant financial and reputational harm and infringed his rights under the Fourth Amendment and the Right to Financial Privacy Act of 1978. Moreover, Petitioner's incarceration and resulting financial hardship have impaired his ability to secure adequate legal representation in pursuing these EEOC claims and other legal matters, further compounding the prejudice he faces.

- In open court, Mr. Saulsberry raised the concern of malicious prosecution, explaining that the tax records, supporting the Covid loans, at issue had been CPA-certified and were the exact returns filed with the IRS. He testified that he was a victim of COVID-19, and that his role as an IRS Physical Security Specialist potentially exposed him to the virus, compromising his physical and mental well-being. He stated that contracting Covid-19 around the time of the loan applications could have

contributed to unintentional error, but no improper intent. He consistently informed Attorney Scholl and his paralegal of this potential factor.

## SUMMARY OF THE ARGUMENT

This case presents multiple errors that warrant rehearing and en banc consideration. The panel's decision conflicts with established Sixth Circuit precedent, including Bashara and Ellis, which require a flexible, multi-factor balancing test when evaluating motions to withdraw guilty pleas. It also conflicts with Supreme Court authority such as Boykin and McCarthy, which demand that guilty pleas be entered knowingly, voluntarily, and intelligently, with strict adherence to Rule 11 safeguards. Other circuits— including the Fifth, Fourth, and Seventh—have similarly vacated equivocal or coerced pleas under comparable circumstances.

Petitioner's plea was not only rushed and equivocal, but it was also tainted by constitutional violations. He was never advised of his right to a speedy trial, key discovery (DOJ-0000004497), Report of Investigation, was withheld, and the prosecution itself bears hallmarks of retaliation. Specifically, the record shows that the charges originated from allegations by Petitioner's former IRS manager, Ross Sickler, shortly after Petitioner filed a protected EEOC complaint in 2021. The timing and circumstances strongly suggest retaliatory animus, compounding the coercive pressures that undermined the voluntariness of the plea. Such retaliation, combined with a suboptimal colloquy and ineffective assistance of counsel, violates the Fifth, Sixth, and Fourth Amendments and renders the plea constitutionally invalid.

Because guilty pleas resolve the vast majority of federal criminal cases, this Court's uniform enforcement of Rule 11 safeguards and its rejection of retaliatory prosecutions are issues of exceptional importance that warrant full Court review.

## ARGUMENT

### I. The Panel Decision Conflicts with Sixth Circuit Precedent

The Sixth Circuit applies a flexible balancing test to motions under Rule 11(d)(2)(B). Cases such as Bashara, Ellis, Haygood, and Benton stress that no one factor is dispositive. In Dixon (2007) and Martin (2012), the Court emphasized the importance of prejudice analysis. Durham (1999) and Marrero (2007) confirmed that mere inconvenience to the government does not constitute prejudice. Yet the panel affirmed despite findings that multiple factors favored Mr. Saulsberry. This misapplication departs from uniform Sixth Circuit precedent.

The circumstances were further compounded by the unexplained withdrawal of Mr. Saulsberry's initial counsel, Madeleine Savage-Townes, without his knowledge or approval. Judge Lipman expressly noted on the record that she should have consulted Mr. Saulsberry before permitting Ms. Savage-Townes' withdrawal. Mr. Saulsberry testified that he relied on her accounting and legal expertise, which he believed was essential to defending a case involving financial transactions. The abrupt removal of trusted counsel, over his objection, left him at a disadvantage and contributed to the 'confused mind' Rule 11(d)(2)(B) is designed to protect. See United States v. Ellis, 470 F.3d 275, 281 (6th Cir. 2006).

The confusion was compounded when Attorney Scholl asked how old Mr. Saulsberry's mother was. After hearing she was 65, Scholl stated that if Mr. Saulsberry lost the case and went to prison, his mother could potentially die while he was incarcerated. Such a statement introduced a deeply personal and coercive element into Mr. Saulsberry's decision-making, far beyond ordinary trial pressure. This heightened duress left him unable to rationally evaluate his options. Courts have long recognized that pleas must be free from coercion and undue influence. See Boykin v. Alabama, 395 U.S. 238 (1969); Brady v. United States, 397 U.S. 742 (1970). Mr. Saulsberry's plea cannot be deemed voluntary where his judgment was clouded by trepidation that his imprisonment might cause his mother's death.

Moreover, the rushed timing underscores the involuntary nature of Mr. Saulsberry's plea. He was first read excerpts of the plea agreement only approximately ten minutes before the hearing, while standing in the hallway, and received a written copy only moments before court began. The document was so hastily prepared that the District Court was forced to edit portions of the plea agreement in open court. This deprived Mr. Saulsberry of any meaningful opportunity to analyze the agreement or consider alternatives. See McCarthy v. United States, 394 U.S. 459, 466 (1969). The Sixth Circuit has emphasized that a plea entered under a 'confused mind' cannot stand. Ellis, 470 F.3d at 281.

The Sixth Circuit has long held that the Bashara factors are flexible and non-exclusive. Ellis, 470 F.3d at 281. The district court itself found that multiple factors favored withdrawal—minimal delay, persistence, lack of experience, and minimal prejudice. Yet the panel affirmed. This is inconsistent with Bashara, Ellis, Haygood, and Benton.

The circumstances of the plea confirm that it was not voluntary. Neither counsel advised Mr. Saulsberry of his speedy trial rights. Critical DOJ discovery (DOJ-0000004497) was withheld until after sentencing. Retaliatory allegations from IRS manager Ross Sickler formed the case's origin, violating the Fourth Amendment and the Right to Financial Privacy Act. On top of this, Attorney Scholl coerced Mr. Saulsberry with statements about his mother's death, and presented the plea only ten minutes before court. The document was so rushed it required edits in open court. These circumstances epitomize the 'unsure heart and confused mind' standard. See Ellis, 470 F.3d at 281; McCarthy, 394 U.S. at 466.

In addition, Mr. Saulsberry testified that CPA-certified tax filings were legitimate, that he was a victim of Covid-19, and that contracting the virus compromised his mental and physical health during loan applications. He explained in court that any errors were unintentional, not fraudulent, given there were any mistakes. These mitigating circumstances were ignored by the district court.

## II. Supreme Court Precedent Ignored

Boykin v. Alabama, 395 U.S. 238 (1969), requires pleas to be knowing and voluntary. McCarthy, 394 U.S. 459, demands strict Rule 11 compliance. Here, confusion, omissions, and coercion mirror the defects in McCarthy. The plea was invalid.

## III. Cross-Circuit Conflicts

Other circuits have reversed pleas under similar circumstances. Price, 538 F.2d 722 (5th Cir. 1976) (withdrawal required after equivocation). Ruthers, 989 F.2d 496 (4th Cir. 1993) (courts must go beyond pro forma questions). The panel's approach conflicts with these cases.

## IV. Exceptional Importance

This case is of exceptional importance. It involves counsel's failure to inform of speedy trial rights, nondisclosure of DOJ-0000004497, retaliatory allegations from a federal IRS manager, and mitigating Covid-19 health circumstances. Together, these issues implicate constitutional protections under the Fourth Amendment, due process, and fairness in plea proceedings. Once again, this decision without question weakens safeguards for thousands of plea cases nationwide.

## CONCLUSION

For these reasons, Petitioner respectfully requests panel rehearing and En Banc Determination and vacatur of the panel decision, should the panel rehearing not vacate its decision, and remand with instructions to permit withdrawal of the guilty plea.

## APPENDIX: KEY RECORD EXCERPTS

- District Court Order (R.136, PID## 1054–55)

*"The change of plea colloquy on December 5 was suboptimal for all involved. It was the longest change of plea this Court has ever conducted. The Court tried to stop the proceedings on numerous occasions so that the Parties could head to trial the following week."*

- District Court Order (R.136, PID## 1055–57)

*"Saulsberry's tone was defiant and defensive. He paused before answering, word-smithed and prefaced each response, and struggled to orally admit what he had already admitted on paper."*

- District Court Order (R.136, PID# 1062)

*"The Court is considering Scholl's effectiveness instead of his ineffectiveness. Scholl has a stellar reputation within the Memphis legal community and is on the National Board of Trial Advocacy."*

- Motion Hearing Transcript (R.126, PID## 785–86)

*Michael Scholl testified: ""We've got a big problem" ... you signed this statement ... now there's a full confession." When Mr. Saulsberry asked what could be done, Scholl responded, ""I don't know"."*

- Motion Hearing Transcript (R.126, PID## 711–12)

*Scholl confirmed that Mr. Saulsberry consistently asserted his innocence throughout his representation from December 2022 through Thanksgiving 2023.*

- Motion Hearing Transcript (R.126, PID## 757–58)

*Scholl testified that he briefly spoke with the government in February 2023 about a plea, but nothing developed because Mr. Saulsberry rejected the idea.*

- Pro Se Motion (Dec. 19, 2023)

*"Defendant respectfully moves for rescission of plea, as he did not knowingly and voluntarily agree to enter a plea of guilty."*

- Change of Plea Hearing Transcript (Dec. 5, 2023)

*"Defendant was provided a written copy of the plea agreement only moments before entering the courtroom."*

- Change of Plea Hearing Transcript (Dec. 5, 2023)

*"The plea agreement required edits in open court during the hearing itself."*

- Counsel Scholl Testimony (Motion Hearing Transcript, R.126, PID## 785–86, 711–12, 757–58):

*"Scholl testified to multiple coercive and improper statements during plea discussions and hearings, including:*

*""We've got a big problem" ... you signed this statement ... now there's a full confession."*

*When Mr. Saulsberry asked what could be done, Scholl replied: ""I don't know"."*

*Scholl admonished Mr. Saulsberry: ""Stop f---ing around" ... you're listening to the questions, you're hearing the questions in plain English, stop F'ing around."*

*In open court, Scholl further stated: "He signed the agreement ... which he's admitted to the facts in there ... "big problems for trial"."*

## CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limitation of Fed. R. App. P. 35(b)(2) and 40(b)(1) because it contains fewer than 3,900 words.

## CERTIFICATE OF SERVICE

I certify that on September 9th, 2025, I emailed a copy of this Petition for Panel Rehearing and En Banc Determination to the Clerk of Court, United States Court of Appeals for the Sixth Circuit @ CA06_Pro_Se_EFiling@ca6.uscourts.gov.  Also, I served counsel for the United States by mailing a copy to the Office of the United States Attorney, 167 N. Main Street, Suite 800, Memphis, TN 38103.

Respectfully submitted,

/s/ Brian L. Saulsberry

Pro Se Defendant-Appellant